

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-25-2002

# USA v. Matvia

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3874

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Matvia" (2002). *2002 Decisions*. Paper 768.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/768

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3874

_____

UNITED STATES OF AMERICA

v.

JOHN MICHAEL MATVIA,

Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 01-cr-00072-1)
District Judge:  The Honorable James F. McClure, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2002

_____

Before: BARRY, AMBRO, <u>Circuit Judges</u>, and ACKERMAN,[*] <u>District Judge</u>

(Opinion Filed: November 25, 2002)

_____

OPINION

_____

_____

[*] The Honorable Harold A. Ackerman, United States District Judge for the District of
New Jersey, sitting by designation.

BARRY, <u>Circuit Judge</u>

We need not discuss this case in other than barebones fashion because there is nothing in dispute between the parties, including the relief that should be granted. We agree that the requested relief is appropriate and, accordingly, will vacate the sentence imposed and, as the United States puts it, "remand the case to the district court to let Matvia rethink his guilty plea, this time with help from a new lawyer." Appellee's Br. at 9. As it also notes, while it believes that it "has a tenable argument based on the implications of the record" and while it recognizes that "the district court's predicament was unusually challenging in this case," there is, in its view, enough to Matvia's claim to confess error and join him in the prayer for relief. <u>Id.</u> at 8-9. We applaud the United States for having taken this principled position.

The facts are not in dispute and we quote verbatim the relevant portions of the United States' statement of those facts.

> [T]he appellant, John Michael Matvia, suffers from a personality disorder. In April, 2002, he was charged with threatening a federal judge under Title 18, United States Code, Section 115, and was represented by appointed counsel. He entered a guilty plea to that charge and, while the case was pending imposition of sentence, wrote to the district court complaining about defense counsel's performance and implicitly casting doubt on the advisability of his guilty plea in view of the perceived ineffectiveness of appointed counsel in exploring and preparing possible defenses. The court treated the letters as a motion to discharge appointed counsel and to withdraw the guilty plea.

> On the date first set for the sentencing hearing, the district court held an ex parte hearing with the defendant and the same appointed counsel Matvia had complained about in his letter. After hearing from Matvia and his counsel, the district judge denied the motion to withdraw the plea and

2

allowed appointed counsel to continue her representation of the defendant. Appellee's Br. at 5.

It is important to note that although counsel denied Matvia's accusations and had not sought to withdraw, she made it quite clear that a conflict of interest would exist, and new counsel required, were the Court to construe Matvia's motion, as it did, as a motion to withdraw his plea based on those accusations. But nothing in the record indicates that the Court considered the potential conflict much less sought to appoint new counsel to assist Matvia in his motion to withdraw his plea. As Matvia argues here, he was essentially unrepresented given that counsel was defending herself and her conduct at the hearing, and not him; indeed, counsel was conflicted once Matvia cited her supposed failures to defend him vigorously as his reason for seeking to withdraw his plea. Immediately upon the denial of his motion, Matvia was sentenced to a probationary term of five years. We appointed new counsel on appeal.

We need not reprise the well established caselaw the parties have cited in their submissions to us. Suffice it to say that this appeal is predicated on the ground that the District Court ignored a conflict of interest that should have been addressed with the appointment of new counsel, perhaps only for purposes of the motion to withdraw the plea. Under the unusual circumstances of this case, the government's confession of error was warranted. We will grant the parties' request to vacate the sentence and remand the case for the District Court to appoint counsel to assist Matvia in considering his decision to abide by or to move to withdraw his guilty plea. If he decides to abide by his guilty plea or files

3

an unsuccessful motion to withdraw that plea, it will be necessary for the District Court to reimpose sentence.  If he files a motion to withdraw his guilty plea which is granted, he can replead or go to trial.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


    /s/ Maryanne Trump Barry
Circuit Judge

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3874

_____

UNITED STATES OF AMERICA

v.

JOHN MICHAEL MATVIA,
                        Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 01-cr-00072-1)
District Judge:  The Honorable James F. McClure, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2002

_____

Before: BARRY, AMBRO, <u>Circuit Judges</u>, and ACKERMAN,[*] <u>District Judge</u>

_____

JUDGMENT

_____

This cause came on to be heard on the record from the United States District Court

for the Western District of Pennsylvania and was submitted on November 20, 2002.

On consideration whereof, it is now here ordered and adjudged by this Court that the

_____

[*] The Honorable Harold A. Ackerman, United States District Judge for the District of
New Jersey, sitting by designation.

judgment of sentence of October 10, 2001 is vacated and the case is remanded for proceedings in accordance with this Opinion.

ATTEST:

_____
Acting Clerk

Dated: 25 November 2002